Joseph C. Markowitz (SBN 146592)
jcmarkowitz@gmail.com
**Law Offices of Joseph C. Markowitz**
350 S. Figueroa Street, Suite 975
Los Angeles, CA 90071
Telephone: (213) 437-1720
Facsimile: (213) 788-3398

**Attorneys for Defendants Ositos Shoes Inc. and Betty Stone**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION, a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>OSITOS SHOES INC., a California Corporation; BETTY STONE, an individual and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-02652-BRO-FFM<br>*Assigned to Hon. Beverly Reid O'Connell*<br><br>**DEFENDANTS ANSWER TO COMPLAINT**<br><br>Complaint filed: April 8, 2014<br><br>**JURY TRIAL DEMANDED** |

Defendants Ositos Shoes, Inc., and Betty Stone ("Defendants"), for their answer to the complaint of plaintiff Deckers Outdoor Corporation, ("Deckers") allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the complaint.

2. Admit the allegations of paragraph 2 of the complaint.

3. Deny the allegations of paragraph 3 of the complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the complaint.

5. Admit the allegations of paragraph 5 of the complaint.

6. Admit the allegations of paragraph 6 of the complaint.

7. Deny that the inclusion of Doe defendants is appropriate.

8. Deny the allegations of paragraph 8 of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the complaint.

12. Deny the allegations of paragraph 12 of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the complaint.

20. Deny the allegations of paragraph 20 of the complaint.

21. Deny the allegations of paragraph 21 of the complaint.

22. Deny the allegations of paragraph 22 of the complaint.

23. Deny the allegations of paragraph 23 of the complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the complaint.

25. Deny the allegations of paragraph 25 of the complaint.

26. Deny the allegations of paragraph 26 of the complaint.

27. Deny the allegations of paragraph 27 of the complaint.

28. Defendants repeat their responses to the allegations of paragraphs 1 through 27 of the complaint.

29. Deny the allegations of paragraph 29 of the complaint.

30. Deny the allegations of paragraph 30 of the complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint.

32. Deny the allegations of paragraph 32 of the complaint.

33. Deny the allegations of paragraph 33 of the complaint.

34. Deny the allegations of paragraph 34 of the complaint.

35. Deny the allegations of paragraph 35 of the complaint.

36. Deny the allegations of paragraph 36 of the complaint.

37. Deny the allegations of paragraph 37 of the complaint.

38. Defendants repeat their responses to the allegations of paragraphs 1 through 37 of the complaint.

39. Deny the allegations of paragraph 39 of the complaint.

40. Deny the allegations of paragraph 40 of the complaint.

41. Deny the allegations of paragraph 41 of the complaint.

42. Deny the allegations of paragraph 42 of the complaint.

43. Deny the allegations of paragraph 43 of the complaint.

44. Deny the allegations of paragraph 44 of the complaint.

45. Deny the allegations of paragraph 45 of the complaint.

46. Deny the allegations of paragraph 46 of the complaint.

47. Defendants repeat their responses to the allegations of paragraphs 1 through 46 of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the complaint.

49. Deny the allegations of paragraph 49 of the complaint.

50. Deny the allegations of paragraph 50 of the complaint.

51. Deny the allegations of paragraph 51 of the complaint.

52. Deny the allegations of paragraph 52 of the complaint.

53. Deny the allegations of paragraph 53 of the complaint.

54. Deny the allegations of paragraph 54 of the complaint.

55. Deny the allegations of paragraph 55 of the complaint.

56. Deny the allegations of paragraph 56 of the complaint.

57. Deny the allegations of paragraph 57 of the complaint.

58. Defendants repeat their responses to the allegations of paragraphs 1 through 57 of the complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59 of the complaint.

60. Deny the allegations of paragraph 60 of the complaint.

61. Deny the allegations of paragraph 61 of the complaint.

62. Deny the allegations of paragraph 62 of the complaint.

63. Deny the allegations of paragraph 63 of the complaint.

64. Deny the allegations of paragraph 64 of the complaint.

65. Deny the allegations of paragraph 65 of the complaint.

66. Deny the allegations of paragraph 66 of the complaint.

67. Deny the allegations of paragraph 67 of the complaint.

68. Deny the allegations of paragraph 68 of the complaint.

69. Defendants repeat their responses to the allegations of paragraphs 1 through 68 of the complaint.

70. Deny the allegations of paragraph 70 of the complaint.

71. Deny the allegations of paragraph 71 of the complaint.

72. Deny the allegations of paragraph 72 of the complaint.

73. Deny the allegations of paragraph 73 of the complaint.

74. Deny the allegations of paragraph 74 of the complaint.

75. Deny the allegations of paragraph 75 of the complaint.

76. Deny the allegations of paragraph 76 of the complaint.

## AFFIRMATIVE DEFENSES

As and for their separate affirmative defenses to the complaint and each and every purported cause of action alleged therein, defendants state as follows:

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. The complaint and each and every purported claim alleged therein fail to state a claim upon which relief may be granted against the defendants.

### SECOND AFFIRMATIVE DEFENSE

(Laches)

2. The complaint and each and every purported cause of action alleged therein are barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

3. Deckers has failed to take reasonable and necessary steps to mitigate its damages, if any, and to protect its interest.

**FOURTH AFFIRMATIVE DEFENSE**

(Proximate Cause)

4. If and to the extent Deckers has sustained any damages, these damages were not proximately caused by any conduct of defendants as alleged or otherwise, but were proximately caused by others for whom defendants are not legally responsible.

**FIFTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

5. Deckers's complaint and each and every purported cause of action alleged therein seek relief in bad faith and with malicious purposes, and Deckers has come into court with unclean hands and is therefore barred from obtaining any of the relief that it seeks.

**SIXTH AFFIRMATIVE DEFENSE**

(Waiver)

6. Deckers has waived and relinquished each and every purported cause of action alleged in its complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

(Estoppel)

7. Deckers's complaint and each and every purported cause of action alleged therein are barred by the doctrine of estoppel.

**EIGHT AFFIRMATIVE DEFENSE**

(Causation)

8. Deckers's damages, if any, are attributable to causes other than any act or omission of Defendants.

**NINTH AFFIRMATIVE DEFENSE**

(Failure to join necessary parties)

9. Deckers has failed to join parties needed for just adjudication of this case.

**TENTH AFFIRMATIVE DEFENSE**

(No punitive damages)

10. The complaint and each purported cause of action therein fails to state facts sufficient to justify an award of punitive damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

(Non-Infringement)

11. Defendants has not infringed any claim of any of the patents in suit.

**TWELFTH AFFIRMATIVE DEFENSE**

(Invalidity)

12. On information and belief, each of patents in suit is invalid, unenforceable and void for failure to comply with the provisions of 35 U.S.C. §§ 101, 102, 103, 112, 115 and/or 116 for one or more of the following reasons:

a. the alleged invention claimed therein was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the named inventors, or

b. the alleged invention claimed therein was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States; or

c. the named inventors abandoned the invention; or

d. the alleged invention claimed therein was first patented or caused

to be patented, or was the subject of an inventor's certificate, by the named inventors or their legal representatives or assigns in a foreign country prior to the date of the application for patent in this country on an application for patent or inventor's certificate filed more than twelve months before the filing of the application in the United States; or

e. the alleged invention claimed therein was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the named inventors; or

f. the named inventors did not invent the subject matter sought to be patented; or

g. before the named inventor's alleged invention thereof the alleged invention was made in this country by another who had not abandoned, suppressed, or concealed it; or

h. the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the claimed invention pertains; or

i. the specification does not contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same; or

j. the specification does not set forth the best mode contemplated by the inventor of carrying out his invention; or

k. the specification does not conclude with one or more claims

particularly pointing out and distinctly claiming the subject matter which the application regards as his invention .

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Inequitable Conduct)

13. On information and belief, each of patents in suit is unenforceable due to the inequitable conduct before the U.S. Patent and Trademark Office of the named inventors, their attorneys, and others involved in the preparation and prosecution of said patent in seeking issuance of the patent by failing to disclose to the Patent and Trademark Office information of which they were aware which was material to the examination of the application in violation of 37 C.F.R. § 1.56.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

14. By reason of the proceedings in the U.S. Patent Office (and foreign patent offices) during the prosecution of the application for each of the patent in suit ( and any foreign counterparts) and the admissions and representations made by the named inventors and/or their attorneys, Deckers is estopped to claim for the patents a construction covering anything made, used or sold by defendants.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Markings)

15. On information and belief, Deckers has failed to mark commercial embodiments of the patented product in accordance with the provisions of 35 U.S.C. Sec. 287.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Limitations)

16. Under the provisions of 35 U.S.C. Sec. 286, Deckers is precluded from seeking recovery for any of defendants' alleged infringements occurring more than 6 years before the filing of Deckers's Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Misuse)

17. Deckers procured or sought to enforce the patents in suit knowing they were invalid, unenforceable or not infringed, in an effort to reduce competition, destroy a competitor or extend its monopoly. Deckers has thereby misused each of the patents in suit and therefore is precluded from obtaining any relief in this action due to the misuse.

WHEREFORE, Defendants pray for judgment as follows:

A. Dismissing Deckers's Complaint;

B. Declaring the patents invalid and unenforceable;

C. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding defendants their reasonable attorney fees;

D. Assessing costs against Deckers; and

E. For such other relief as the Court may deem just.

Dated: July 10, 2014 LAW OFFICES OF JOSEPH C. MARKOWITZ

By: */s/ Joseph C. Markowitz*
Joseph C. Markowitz
Attorneys for Defendants
Ositos Shoes Inc. and Betty Stone